UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Guy Greene, | Case No. 24-cv-4400 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Tim Walz, Keith Ellison, Shireen Gandhi, Marshall Smith, Nancy Johnston, Paul Schnell, and an unknown number of John Does and Jane Does, | |
| Defendants. | |

Plaintiff Guy Greene is a civilly committed individual at the Minnesota Sex Offender Program who has brought suit alleging that his indefinite MSOP detention violates various constitutional provisions, including the Due Process Clause, the Equal Protection Clause, and the Ex Post Facto Clause. The matter comes before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Douglas L. Micko, dated April 4, 2025. R&R, ECF No. 19. In the R&R, Judge Micko recommends dismissal of Mr. Greene's Second Amended Complaint [ECF No. 12], as well as denial of his requests for declaratory and injunctive relief, application to proceed *in forma pauperis*, appointment of counsel, and leave to file an Amended Complaint. ECF Nos. 2, 5, 9, and 13.

Specifically, Judge Micko recommends dismissal of the Second Amended Complaint ("SAC") because (1) the SAC does not contain a short and plain statement of

claims, as Mr. Greene was instructed to provide; (2) the SAC does not clearly identify each defendant that Mr. Greene intends to sue, describe what he or she or it did (or failed to do) that was unlawful, nor explain how his or her or its action (or inaction) violated Mr. Greene's rights or applicable law; and (3) the SAC failed to comply with the Federal Rules of Civil Procedure's joinder requirements for cases with multiple defendants.

Judge Micko likewise recommends denying Mr. Greene leave to amend his complaint because the SAC largely repeats claims from the existing amended complaint, without correcting the deficiencies leading to the recommendation to dismiss that complaint. R&R at 2–3. Additionally, Mr. Greene attempts to relitigate critical aspects of *Karsjens v. Minnesota Department of Human Services*, No. 11-CV-3659 (DWL/TNL) (D. Minn.), a matter that has already been extensively litigated in this district and in the Eighth Circuit Court of Appeals. R&R at 3–4.

The district court reviews *de novo* any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Mr. Greene timely filed objections to the R&R. ECF No. 21 ("Objections"). These Objections take issue with the R&R in both specific and general ways, and the Court will treat them as fully objecting to the conclusions of Judge Micko. Therefore, the Court has reviewed the entire R&R *de novo*.

The Court concludes that Judge Micko's thorough R&R contains no error, Mr. Greene's objections are overruled, and the R&R is accepted in full. Moreover, the Court denies Mr. Greene's motion to file an Amended Complaint [ECF 9]. The Court agrees that the proposed amendments feature the same deficiencies identified by Judge Micko about

2

the SAC. The request to file an Amended Complaint is therefore denied for the same reasons stated in the R&R.[1]

Mr. Greene has shown that he is either unwilling or unable to comply with federal pleading requirements. While individuals representing themselves have the right to access the courts, "there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *Hansmeier v. MacLaughlin*, 21-cv-1167 (JRT/LIB), 2022 WL 748484, at *6 (D. Minn. Mar. 11, 2022) (quoting *In re Taylor*, 839 F.2d 1290, 1292 (8th Cir. 1988)). A court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-

---

[1] In Mr. Greene's Objection, he cites to a state court matter in which his equal protection claim survived. *Thompson, et al. v. Harpstead, et al.*, No. 62-cv-23-5915 (Minn. Dist. Ct. 2d Jud. Dist., Ramsey Cnty. Jan. 7, 2025). Even assuming that Greene's Second Amended Complaint includes an equal-protection theory like the one that survived *Thompson*'s *res judicata*, this Court likely would not reach that claim's merits. Under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18 (1976), a federal court may stay a case in favor of earlier-filed, parallel state proceedings when doing so would promote wise judicial administration. Eighth Circuit precedent requires a two-step inquiry: first, a court must determine whether the federal and state proceedings are parallel; if so, it must then assess whether the relevant factors favor abstention. *See Cottrell v. Duke*, 737 F.3d 1238, 1244–45 (8th Cir. 2013); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16 (1983) (discussing factors). This Court need not formally decide the issue here, but notes that *Thompson* and this case seem to be parallel proceedings. Greene is a named plaintiff in *Thompson*; both cases target overlapping state officials and (assuming the Second Amended Complaint truly includes such a claim) challenge the same allegedly race-biased MSOP practices; and a final judgment in *Thompson* would likely dispose of Greene's overlapping § 1983 equal-protection claim. Moreover, once this Court turned to the *Colorado River* and *Moses H. Cone* factors, it would likely find that considerations such as the order of filing, the more-advanced status of the state case, and the desirability of avoiding duplicative litigation weigh in favor of staying this federal action pending resolution of *Thompson*. *See Moses H. Cone*, 460 U.S. at 15 (noting importance of "'desirability of avoiding piecemeal litigation'" and "'order in which jurisdiction was obtained by the concurrent forums'" (quoting *Colorado River*, 424 U.S. at 818–19)).

meritorious actions for obviously malicious purposes and who generally abuses judicial process." *In re Tyler*, 839 F.2d at 1293. Despite prior warnings that his filings lack sufficient factual support and that they repeatedly attempt to relitigate *Karsjens*, Mr. Greene has persisted. Therefore, restrictions on his ability to freely start new cases are necessary to curb his excessive filings. Accordingly, Mr. Greene may not initiate new litigation in this District unless he is represented by an attorney or first obtains approval from a judge in this District. This limitation does not bar him from pursuing cases that have potential merit and are properly supported with facts; such cases will be allowed to proceed. However, it does prevent him from continuing to misuse the court system.

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Micko's R&R [ECF No. 19], dated April 4, 2025, is **ACCEPTED**;
2. Plaintiff Guy Greene's Amended Complaint [ECF No. 12] is **DISMISSED WITHOUT PREJUDICE**;
3. Plaintiff's request for injunctive relief [ECF No. 13] is **DENIED AS MOOT**;
4. Plaintiff's Motion for Referral to the *Pro Se* Project [ECF No. 5] is **DENIED AS MOOT**;
5. Plaintiff's application to proceed *in forma pauperis* [ECF No. 2] is **DENIED AS MOOT**;
6. Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 9] is **DENIED**; and
7. Plaintiff is restricted from initiating new litigation in this District unless he is represented by counsel or receives advance permission of a judicial officer of this District.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 18, 2025　　　　　　　　　　*s/Katherine Menendez*
　　　　　　　　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　　　　　　　　United States District Judge